UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWIZEYIMANA DIEUDONNE,<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNI CITY DETENTION CENTER, *et al.*,<br>Respondents. | Case No. 1:26-cv-05020-NW<br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: ECF Nos. 1, 7 |

Before the court is Petitioner Twizeyimana Dieudonne's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 in which he alleges that his detention has become unconstitutionally prolonged. *See* ECF No. 1 at 2. Respondents oppose relief, arguing that the petition should be dismissed because it is Petitioner's second habeas petition in recent months and because Petitioner is properly detained under 8 U.S.C. § 1231(a)(2). *See* ECF No. 7, 18. For the reasons that follow, the court dismisses the petition without prejudice.

## I. BACKGROUND

Petitioner is a citizen of Rwanda and has been in ICE custody since March 2024 following charges being entered against him for gross sexual assault and simple assault. *See* ECF No. 1 at 5; ECF No. 15-11 at 1. He was ultimately convicted of negligent assault in March 2026, and the gross sexual assault charges were dismissed. ECF No. 1 at 7. Around the same time that he was taken into ICE custody, he was placed in removal proceedings. *See id.* at 6 ("The Department of Homeland Security initiated removal proceedings against Petitioner on February 13, 2024"). Those proceedings have taken a winding path. On December 18, 2024, he was granted withholding of removal and Convention Against Torture protection by an immigration judge ("IJ"). *Id.* at 6. DHS appealed that decision to the Board of Immigration Appeals ("BIA"), which

United States District Court
Eastern District of California

subsequently remanded the case for the IJ to reassess Petitioner's credibility. *Id*. at 7. On December 2, 2025, the IJ reversed her prior decision and ordered Petitioner removed. *Id*. Petitioner then appealed this decision to the BIA. *Id*. While this habeas petition was pending, the BIA dismissed the appeal on September 11, 2026. *See* ECF No. 18-1. Though Petitioner has filed a petition for review of the BIA's decision with the First Circuit Court of Appeals, there is no evidence in the record that the appellate court has stayed the removal order. *See* ECF No. 18.

Petitioner has been in custody for this entire two-and-a-half-year period, though not without review of his custody. On March 11, 2024, an IJ denied Petitioner's release because she found that Petitioner was a flight risk. ECF No. 1 at 6. Petitioner requested a custody redetermination hearing, but the request was denied by an IJ on November 26, 2024, on the grounds that he had not shown a material change in circumstances since his last hearing. *See Twizeyimana v. Moniz*, 1:26-cv-12015-DJC, ECF No. 7 (D. Mass. June 4, 2026). But Petitioner ultimately received a second custody redetermination hearing on November 7, 2025, at which time the IJ again denied release finding that Petitioner was both a flight risk and danger to the community. *Id*. Most recently Petitioner filed a petition for writ of habeas corpus in the District of Massachusetts. The District Court denied the petition without prejudice on June 4, 2026, finding that Petitioner was detained under 8 U.S.C. § 1226(a) and had not met his burden of demonstrating entitlement to relief given his prior custody redetermination hearings. *Id*.

Following the denial of his habeas petition, Petitioner was transferred to the California City Detention Center and filed the petition now before this court. He claims that he has not received proper medication for his HIV diagnosis while detained at California City and, as a result, has experienced dangerous high blood pressure, wounds, and bruising. *See* ECF No. 15 at 8–9.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure

release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

The court construes the petition, which Petitioner filed pro se, as bringing an as-applied constitutional challenge to his prolonged detention without adequate process.[1] Respondents oppose relief, arguing that the instant petition should be dismissed as both a successive petition under 28 U.S.C. § 2244(a), and under the abuse of the writ doctrine. *See* ECF No. 7. They further argue in a supplemental filing that dismissal is warranted because detention authority shifted from § 1226(a) to 8 U.S.C. 1231(a)(2) while this habeas petition was pending. *See* ECF No. 18. The court first addresses Respondents' first and second arguments regarding the abuse of the writ, before turning to the shifting statutory authority and Petitioner's due process claim.

### A. Successive Petition and Abuse of the Writ

As to the argument that the petition should be dismissed as successive, "[t]he statutory bar against successive habeas petitions found in 28 U.S.C. § 2244(b) applies only to habeas petitions filed pursuant to 28 U.S.C. § 2254 and not habeas petitions filed pursuant to 28 U.S.C. § 2241[,]" as is the case with the petition here. *Mendoza v. Warden, California City Corr. Ctr.*, No. 1:26-CV-03785-DAD-CSK (HC), 2026 WL 1481759, at *2 (E.D. Cal. May 27, 2026) (citing *Barapind*

[1] The court notes that the Petitioner appears to have used a templatized habeas petition designed for immigration detainees who were ordered removed, detained, released on an order of supervision ("OSUP"), and then re-detained by the Government. Given this, many of the claims articulated in the petition concern the proper procedures for revoking an OSUP and third country removals, neither of which are relevant here as Petitioner was not previously released on an OSUP and there are no facts to suggest that the Government is pursuing a third country removal. The portions of the petition that were clearly drafted by Petitioner, rather than copied from the template, demonstrate that he is challenging the length of his present detention. *See* Dkt. No. 1 at 2, 10.

*v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000)). The Ninth Circuit has, nevertheless, recognized that the abuse of the writ doctrine may support dismissal of a habeas petition filed under 28 U.S.C. § 2241. *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011). It is the Government's burden to plead abuse of the writ by noting, with clarity and particularly, Petitioner's prior writ history and the claims that appear for the first time. *McClesky v. Zant*, 499 U.S. 467, 494-95 (1991). If the Government meets this burden, the burden shifts to Petitioner to "show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain that claim." *Alaimalo*, 645 F.3d at 844.

Assuming arguendo that Respondents have met their burden, the Court finds that prejudice would result from failure to entertain Petitioner's claim. First, Petitioner's initial petition was dismissed without prejudice, demonstrating that the prior court contemplated the possibility that Petitioner could seek further habeas relief on different facts. *See Twizeyimana v. Moniz*, 1:26-cv-12015-DJC, ECF No. 7 (D. Mass. June 4, 2026). Second, "to the extent Petitioner raises claims relating to prolonged detention based upon the additional time that has passed between the filing of the first petition and the instant petition, that claim is also not barred by the abuse of the writ doctrine." *Nir B. v. Warden, California City Corr. Ctr.*, No. 1:26-CV-05697-TLN-SCR, 2026 WL 2546627, at *4 (E.D. Cal. Aug. 28, 2026). Here, over five months has passed since Petitioner filed his first petition. Additionally, following the decision on his first petition, Petitioner was transferred to the California City Detention Center, where he has allegedly received improper medical care. ECF No. 15 at 8–9. These allegations are relevant to the due process analysis. Failure to consider Petitioner's due process claim in light of these new health concerns and the additional passage of time would result in prejudice. Accordingly, the court will consider Petitioner's due process claim.

**B. Due Process**

"Where [a noncitizen] falls within [the Government's] statutory [detention] scheme can affect whether [a petitioner's] detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008). Section 1226(a) authorizes immigration

officials to arrest and to either detain or release a noncitizen during the pre-removal period pending a decision on whether he is to be removed from the United States. After the pre-removal period concludes, the statutory authority to detain a noncitizen shifts to 8 U.S.C. § 1231. "[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of the following dates: (1) the date the order of removal becomes administratively final; (2) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; (3) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B)(i)–(iii). Detention during this removal period is statutorily mandated under 8 U.S.C. § 1231(a)(2).

Though Petitioner was initially detained pursuant to § 1226(a), the authority for his detention shifted to § 1231(a)(2) on September 11, 2026 when the BIA dismissed his appeal. Petitioner's order of removal became administratively final upon "a determination by the Board of Immigration Appeals affirming such order." 8 U.S.C. § 1101(a)(47)(B)(i). As there is nothing in the record before this court to suggest that Petitioner's removal order has been stayed, the removal period commenced on September 11, 2026, the date the BIA dismissed his appeal. 8 U.S.C. § 1231(a)(1)(B)(i). Therefore, Petitioner's detention is currently controlled by § 1231(a)(2), which authorizes detention for 90 days so that the Government may effectuate his removal.

This shift is statutory authority does not end the due process inquiry. Though Petitioner is now subject to a final order of removal, his over two years of detention is significant. Indeed, "courts have found that a petitioner's prolonged detention continuing into the removal period where there is no significant likelihood of removal may violate due process." *Garrido v. Warden Cent. Valley Annex*, No. 1:26-CV-05314-DAD-CSK, 2026 WL 3083849, at *2 (E.D. Cal. Oct. 15, 2026); *Chantha v. Warden*, No. 1:26-CV-01052-DJC-SCR, 2026 WL 925995, at *4 (E.D. Cal. Apr. 6, 2026), *report and recommendation adopted*, No. 1:26-CV-01052-DJC-SCR, 2026 WL 1147960 (E.D. Cal. Apr. 28, 2026) (concluding that the petitioner had a protected liberty interest "given the length of petitioner's detention without a bond hearing, the ongoing mandatory nature

of his detention under § 1231(a)(2), as well his 'removable-but-unremovable' limbo as a stateless person"); *Doe v. Becerra*, 697 F. Supp. 3d 937, 947 (N.D. Cal. 2023) (concluding that that the petitioner's continued detention without an individualized bond hearing violated his due process rights under the Fifth Amendment where he was subject to detention pursuant to § 1231(a)(2) but had been detained for a total of 22 months without any custody determination). Assuming that Petitioner may bring an as-applied constitutional challenge to his prolonged detention while still in the 90-day removal period, he has not shown that his detention has become unconstitutionally prolonged.

The Ninth Circuit's decision in *Rodriguez Diaz v. Garland* counsels dismissal of Petitioner's due process claim. There, the Ninth Circuit applied the framework articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976) to assess the constitutionality of a noncitizen's prolonged detention under § 1226(a). Though the Court found that the first *Mathews* factor—the private interest affected by the official action—weighed in the petitioner's favor given that he had been detained for fourteen months, it ultimately concluded that the petitioner's detention was lawful because § 1226(a) procedures provided constitutionally adequate process, and the Government's interest in continuing to detain the petitioner were high in light of his criminal history and removal order. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1207–11 (9th Cir. 2022).

As in *Rodriguez Diaz*, the *Mathews* factors weigh in the Government's favor. Regarding the second factor—"the risk of an erroneous deprivation of [Petitioner's] interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"—Petitioner has not shown that the process he was already provided erroneously deprived him of his liberty. *Id*. at 1209–10. While detained, Petitioner has received two bond hearings where he was found to be a flight risk and danger to the community. He did not raise any due process concerns with either of those hearings in his petition. Additionally, throughout the course of his detention, Petitioner has had the right to seek an additional bond hearing if his circumstances materially changed, and he has availed himself of this right. *See* 8 C.F.R. § 1003.19(e). As to the third factor, "[t]he government has an obvious interest in 'protecting the

public from dangerous criminal aliens[,]'" and to "'increas[e] the chance that, if ordered removed, the aliens will be successfully removed.'" *Id*. at 1208 (quoting *Demore v. Kim*, 538 U.S. 510, 515, 528 (2003)). Here, Petitioner was convicted of a serious offense in 2026 and has a final order of removal in place. The Government has a strong interest in ensuring that this removal order is executed.

In sum, though Petitioner certainly has a private interest in remaining out of immigration custody given his lengthy detention and the allegedly inadequate medical care he has received at the California City Detention Facility, the second and third *Mathews* factors weigh in the Government's favor. On this record then, Petitioner's detention has not become unconstitutionally prolonged.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court DISMISSES the petition for writ of habeas corpus without prejudice. The Clerk of Court is directed to close this case and enter judgment for Respondents. This order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: October 23, 2026

Noël Wise
United States District Judge